**Louis OKON et al., Appellants,**

**v.**

**The STATE of Texas, Appellee.**

**No. 16640.**

Court of Civil Appeals of Texas.

Fort Worth.

May 21, 1965.

Rehearing Denied June 18, 1965.

McKool & McKool, and Mike McKool, Dallas, for appellants.

Waggoner Carr, Atty. Gen. of Texas, and Hawthorne Phillips, Stanton Stone, Jr., T. B. Wright, F. William Colburn, and Robert D. McGee, Austin, for appellee.

MASSEY, Chief Justice.

The State of Texas, as condemnor, instituted action to condemn property belonging to Louis Okon,—and neighboring property of Louis Okon and others. The two cases were consolidated for a single trial and appealed on the same basis. A single judgment was entered. Louis Okon and his fellow condemnees appealed.

Judgment affirmed.

In Pillot v. City of Houston, 51 S.W.2d 794 (Galveston Civ.App., 1932, no writ), C. G. Pillot and others jointly owned a parcel of land in Harris County which was condemned by the City of Houston. In the proceedings leading to the rendition of the commissioners' award, and in the perfection of an appeal therefrom into the County Court, the condemning authority never at any time sought to determine or state the respective interests owned and held in the realty by the several owners. Neither did the condemnee owners ever attempt to allege or establish such several interests as existed therein. Pillot et al. admitted right to condemn, and the trial was conducted with all the burden(s) of proof cast upon them.

Answers returned by the jury to the issues submitted in the Pillot case established the value of the property condemned as $49,000.00. The amount of the commissioners' award had been $100,000.00. Hence the condemnees, collectively, received considerably less by the judgment entered upon the jury's verdict than they did by the award. It cannot be determined from the opinion whether the condemnor had paid the $100,000.00 and taken possession of the property prior to suit. Since the Court of Civil Appeals found reversible error in condemnor's jury argument, and in the language of the charge and method of arriving at market value, mention thereof was not necessary to the opinion.

In the portion of the Pillot opinion having relation to the question with which we are presently concerned the Galveston Court held that no error existed. Pillot's point of error read as follows: " 'Where land being condemned is owned jointly by several persons or where several persons own different estates therein, the County Court in condemnation proceedings must apportion the compensation among the several defendants, and where the Court could do so but fails to apportion the compensation, then there is reversible error.' "

Pointing out that Pillot et al. made no objection to the portion of the charge inquiring as to the value of the land taken (which the jury found was $49,000.00); that there was nothing in the pleadings or evidence from which the jury or court could have found any difference in the proportionate value of the undivided interest of any of these parties; and that by their joint admission of the condemnor's right to condemn they obtained the right to open and close both in the introduction of testimony and in the argument, the court said: "* * * appellants assumed the burden of producing all the evidence necessary to establish the value of the separate interest of each of them in the land if they, or any of them, desired to have the value of the land as a whole apportioned to them separately, and, having failed to produce such evidence, they cannot complain of the failure of the judgment to make such apportionment. Gulf, C. & S. F. Ry. Co. v. Brugger, 24 Tex.Civ.App. 367, 59 S.W. 556."

In this case the appellants/condemnees, acting jointly and by and through the same attorney, accept as correct the decision of the Pillot case but they assert it has no application. Here the proceedings were instituted for the purpose of acquiring two neighboring but separate parcels of property, as to which the commissioners had separately made awards. One tract was Parcel 237, Louis Okon being the sole owner. The commissioners' award because of its taking, plus the amount by which his remaining land was diminished in value, totalled $140,000.00. The other tract was Parcel 232, owned jointly by Louis Okon and four other persons. The commission-

ers' award for it totalled $28,700.00. Collectively, the total amount awarded was $168,700.00. (At this point we take occasion to note that the jury found in answer to two issues that the remaining land of Louis Okon was diminished in value, because of the loss of the portion taken out of Parcel 237, by the amount of $18,000.00, —and, in answer to a single issue, that the market value of the property taken (part of Parcel 237 and all of Parcel 232) was $132,000.00.)

On the theory that Parcel 237 and Parcel 232 should be considered as a unit, rather than as severable property (because of the nature of the uses to which both were adaptable as of the time condemnor went into possession), the condemnees introduced evidence by which they sought to prove the combined value of the two parcels. They rejected the State's claim that the properties should be valued separately. All of the condemnees' evidence was introduced under the theory adopted. When the condemnor sought to cross-examine witnesses in an attempt to develop separate valuations condemnees objected. When condemnor sought to prove separate valuations by its own witnesses condemnees objected. The charge of the court to the jury, heretofore noted, was submitted according to the theory adopted by the condemnees, to-wit: that the value of the land taken in Parcel 237 and in Parcel 232 should be found by the jury in a single answer which established the combined value of the land taken. No objection to the manner of submission was made by any condemnee.

There is little doubt but that condemnees would have had no complaint of the circumstances had the jury found a value greater than the total value of the combined amounts of the separate commissioners' awards. Since the jury found a total valuation which was considerably less than such awards, and, since all the funds deposited by the condemnor/State (in the amounts of both awards, but separately deposited and withdrawn at a time when there were two separate causes of action—having occurred before the causes were consolidated) had been received by the condemnees they do see reason to complain. Thereby was created a theoretical condition where each of them held a portion of the total amount which the verdict of the jury established as "owed back" to the condemnor. How much each owed was not determined, though their collective liability was established. Judgment was rendered in behalf of the State, as condemnor, for the total amount owed. A joint and several judgment in the sum of $18,700.00 was granted against condemnees.

At page 11 of condemnees' reply brief they honor the statement of the Pillot case, hereinabove considered, but state their essential contention as follows: "There is no dispute between the owners of Parcel 232 as to how much of the market value of Parcel 232 each of them would receive. They only ask that the market value of Parcel 232 be determined so that each of them can then determine how much of the total value of Parcel 232 each of them own. It is clearly immaterial and unnecessary in determining the market value of Parcel 232 to know the percent, interest or value of each of the owners of Parcel 232." So they say, in essence, that if the value of Parcel 232 be known the apportionment between themselves of the liability to the State may be determined under the principles of law and equity pertinent to contribution, and the liability of Louis Okon, individually, as applied to Parcel 237 would thereby be ascertainable as well as the liability of Louis Okon et al., as applied to Parcel 232. However, they contend, since Parcel 232 has not been valued separately and apart, but only in combination with Parcel 237, reversible error has resulted because it is essential and necessary to the entry of a proper judgment that it show the value of the properties separately.

We disagree and hold that principles of law pertinent to equitable estoppel have application to foreclose the condemnees in their contention. Furthermore we fail to perceive where the individual condemnees

are prejudiced by the judgment. One or more of them might be inconvenienced through action of the condemnor to obtain restitution of its $18,700.00, but should that occur he or they would not be foreclosed from securing appropriate relief from the other condemnees. There would be no necessity for the State of Texas, as condemnor, to participate. The condemnation cas is at an end. The issues which continue to exist are of concern to the condemnees only.

■ Our holding: agreed consolidation of the two suits, coupled with the manner by which the condemnees elected to and did proceed with the trial, entitled the trial court to treat Parcels 232 and 237 as a single property from the beginning; to disregard the fact that the commissioners had treated them otherwise in valuing them separately; to add the amounts of the two different awards and treat the total as a single award; and to disregard the fact that there were originally two separate condemnation cases and to treat the cause, existent at time of the trial as having always been a single cause. This the trial court elected to do. A result was the creation of the situation discussed in the Pillot case.

Condemnees found a contention of reversible error in the argument of the State's attorney before the jury by bills of exception. Wanting therefrom is any showing as to whether the argument was or not in reply to and/or invited by the antecedent argument of condemnees' attorney. The certificate of the court reads as follows: "The Court hereby certifies and finds that the following statements were made by Mr. David Thomas:

"(1) 'We don't want Mr. Okon to get fat at the expense of the State.'

"(2) 'You and the people of the State of Texas are interested. * * *'

"(3) 'We all like to have good roads to drive on.'

"(4) 'The State has a duty to you to see that public monies are expended in a proper fashion.' "

The Court further certified that such statements were not in context and were not verbatim but were substantially what Mr. Thomas said. Mr. McKool, attorney for the defendant, objected to each of said statements, which objections were overruled at the time by the Court.

■ We first consider the aforesaid statements individually. Considered independently none of the statements would amount to error. It may be that if the entire context of the argument of the State's attorney was before us to examine in connection with such statements one or more of them might be shown to have amounted to erroneous jury argument. However, without such, as demonstrative of the actual argument made, the existence of error would be impossible of determination. Each statement could have been in context, or in relation to the condemnees' argument previously made, and/or could have comprised a part of a paragraph the whole of which would be completely innocuous. Under the circumstances the statements, and each of them, were not shown to constitute error. Certainly they were not shown to have amounted to reversible error.

Considered collectively, our holding is that the statements were not shown to have constituted error or reversible error.

■■ The value of property condemned, as found by the jury, fell within the range of the testimony. There was evidence to support the finding and it was not against the great weight and preponderance of the evidence. The judgment is not to be disturbed merely because there was testimony from one of condemnor's witnesses which, if believed by the jury, would have resulted in the jury returning a finding of a greater value.

All of condemnees' points of errors have been severally considered. They are overruled.

Judgment is affirmed.